UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN ROUSSEL ELOI,

Petitioner,

v.                                                            Case No: 6:17-cv-1646-Orl-28GJK

UNITED STATES OF AMERICA,

Respondent.
_____/

**OPINION AND ORDER**

This cause comes before the Court on Jean Roussel Eloi's ("Petitioner" or "Eloi") 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence ("Motion to Vacate") (Doc. 1, filed September 18, 2017). Respondent filed a response in opposition to the Motion to Vacate (Doc. 6), and Eloi filed a reply (Doc. 11). Upon review of the pleadings and the record from Eloi's criminal proceedings, the Court concludes that the Motion to Vacate must be denied.

I.   Background and Procedural History[1]

On November 5, 2014, a federal grand jury in Orlando, Florida returned an indictment charging Eloi with willfully attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Cr. Doc. 13). A jury found Eloi guilty as charged (Cr. Doc. 51), and the Court sentenced him to 360 months in prison (Cr. Doc. 91,

---

[1] Pleadings in Eloi's underlying criminal case, 6:14-cr-248-Orl-28GJK, will be cited as (Cr. Doc. ___).

105, 106). The Eleventh Circuit Court of Appeals affirmed Eloi's conviction and sentence. *United States v. Eloi*, 669 F. App'x 551 (11th Cir. 2016).

Eloi filed his Motion to Vacate on September 8, 2017 (Doc. 1).

## II. Legal Standards

### A. Standard of Review under 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the

2

result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as *Strickland*'s performance and prejudice prongs. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If a petitioner fails to establish either *Strickland* prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697. Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir.1991).

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689. Thus, a court, when considering an ineffectiveness claim, must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690; *see also Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under these rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

Eloi raises eight grounds in his Motion to Vacate. He asserts that defense counsel Maria Guzman ("Counsel") and appellate counsel were ineffective for failing to: (1) object to the government's closing argument that Eloi did not offer evidence to support his "role-playing" defense (Ground One); (2) object to the use of a sealed state-court record to enhance his sentence (Grounds Two and Four); (3) object to the improper swearing of the jury (Ground Three); (4) object to the Court's participation in the government's framing of the closing argument (Ground Five); (5) provide the government with evidence that may have led to the discovery of exculpatory evidence (Ground Six); (6) make a sufficient motion for a judgment of acquittal (Ground Seven); and (7) object to facts not in evidence (Ground Eight). (Doc. 1 at 4-11). Each ground will be addressed separately.

### A. Ground One and Ground Five

In Ground One, Eloi asserts that Counsel was constitutionally ineffective for failing to object to the government's closing argument that he offered no evidence at trial to support his defense theory of "role-playing" (Doc. 1 at 4). He urges that Counsel should have objected to the arguments because Eloi "did not put up a theory of defense in [his] opening statement" (*Id.*). He asserts that Counsel was aware of the government's

4

intent to argue that Eloi had not offered evidence of "role-playing" and that Counsel should have objected to this argument prior to the government's closing (*Id.*). In Claim Five, Eloi asserts that Counsel was constitutionally ineffective for failing to object to "the District Court's participation in the framing of it's [sic] closing argument" (*Id.* at 9).

As to Ground Five, the Court did not impermissibly "frame" the government's closing argument. Prior to closing arguments, the prosecutor told Counsel and the Court that he intended to "observe that the defense failed to present any evidence [of role-playing] to support its theory or its explanation of the case. And also remark that the defense has the opportunity to call witnesses to present evidence to support its theory" (Cr. Doc. 101 at 4). Although Counsel agreed that the prosecutor was permitted to make such an argument, she argued that it was incorrect because "in viewing the evidence, there was certainly some role-playing based on the evidence elicited from Nadirah Little" (*Id.* at 6). The Court considered the attorneys' arguments and noted:

> Well, I think generally the prosecutor can comment on the failure of the defense to introduce certain evidence. I think what the problem is in this case in part because it was such a concise case is that you by necessity come pretty close to the line. Mr. Ambrose, you can do what you're going to do, but I don't know exactly how it's going to come up, but it doesn't -- I think you can get in trouble by not just commenting directly on the defendant's failure to testify, but making some argument that constitutes an inference that the defendant did not testify. So I appreciate your bringing it to my attention. You're right, it's delicate -- it's a delicate argument.

(Cr. Doc. 101 at 7). At most, the Court's statement was a caution to the prosecutor not to comment on Eloi's failure to testify. Counsel had no grounds on which to object to the Court's statement, and was not ineffective for failing to do so. *See Lindsey v. Smith,* 820

5

F.2d 1137, 1152 (11th Cir. 1987) (a habeas petitioner who claims counsel should have followed a strategy that would have proven futile has not shown that counsel's performance was deficient); *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

Eloi's contention in Ground One that the government's closing argument was improper because Counsel did not suggest a role-playing defense during opening statements is incorrect. To the contrary, during her opening statement, Counsel said that the victim's mother, Nadirah Little ("Ms. Little"), was engaged in sexually explicit conversations with Eloi and that the victim's father, Kenneth Little, was angry about it:

> I suggest to you that the evidence in this case is really going to be, at the end of the day, that all of these conversations were between Mr. Eloi and what he believed to be Nadirah Little. And he wasn't enticing or persuading a minor. **He was engaged in role-playing, tawdry, sex talk with a woman that he had been having these conversations with for a period of time.** Through these ooVoo accounts and the ooVoo accounts are Nadirah Little's accounts.
>
> . . .
>
> I suggest that the evidence just is as direct that he believed that he was continuing to have conversations with Nadirah Little, not with her daughter. The substance of the conversations with Nadirah Little were from the onset, raunchy, sexual, about what Mr. Eloi could do to her, how she would enjoy it. So when you look at this case and you hear the evidence as we go forward now this afternoon, Mr. Ambrose would suggest that Nadirah Little is a very concerned parent. I think that the evidence in this case, as you hear it, could lead you down a different path. And of course, that path is that Nadirah Little got caught, she got caught by Ken Little, and they called the police because Ken Little wanted to get after Jean Eloi.

6

(Cr. Doc. 100 at 133-34) (emphasis supplied). When cross-examining Ms. Little, Counsel questioned her about an ongoing affair (or potential affair) with Eloi (Cr. Doc. 100 at 171-83). In Counsel's closing argument, she again urged that Eloi believed himself to be role-playing with Ms. Little during the internet chats, specifically parroting portions of her opening statement and noting that "[w]hat you have here is . . . a tawdry, sordid relationship between Mr. Eloi and Nadirah Little." (Cr. Doc. 101 at 22, l. 21-22). Given that role-playing was the sole theory of defense, reasonable competent counsel could have declined to argue as Petitioner claims Counsel should have.

Finally, to the extent Eloi argues that the prosecutor impermissibly commented on his right to remain silent during closing argument, he is wrong.[2] During closing, the government outlined the evidence that was presented at trial, and commented on the defense's role-playing theory:

> In the defense opening you heard a theory, if you will, an explanation of what the case was going to be, and when you hear it again from Ms. Guzman as she stands here in my place, we ask you to ask yourselves, where is the evidence that supports that explanation? We submit to you that that's a very difficult task under the facts of this case and that what the defense will try to weave together out of whole cloth doesn't hold up. The knots and the stitches, the threads, they don't hold together and it all falls apart.

---

[2] In his Motion to Vacate, Eloi did not raise the issue of the government's improper comment on his right to remain silent. Rather, Eloi waived this argument because he raised it for the first time in his reply (Doc. 11). *See United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.")(quoting *Herring v. Sec'y, Dept of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)). Nevertheless, Respondent addressed this issue, so it will be briefly addressed by the Court.

> Examine the testimony of Nadirah Little. She was having some sort of a chat relationship with the defendant, but we're not here to judge her. You may have your own opinions of who she is or what she is, but she readily admitted the relationship. And so you've got to decide was she being truthful with you? Is there any indication that she was not being truthful with you? Her husband knew about the relationship. They hadn't had a good marriage in years. There is no reason to disbelieve that. She was open and honest.
>
> There's no evidence whatsoever that the defendant thought he was chatting with Nadirah Little. The evidence throughout indicates that he thought he was chatting with this 11-year-old girl.

(Cr. Doc. 101 at 13-14). This argument, taken in its proper context, neither improperly shifted the burden of proof nor impermissibly commented on Eloi's failure to testify or his right to remain silent. *See United States v. Blankenship*, 382 F.3d 1110, 1128 (11th Cir. 2004) (a prosecutor's statement violates a defendant's right to remain silent if it was "manifestly intended to be a comment on the defendant's failure to testify" or was "of such a character that a jury would naturally and necessarily take it to be a comment" on the defendant's failure to testify) (quoting *United States v. Knowles*, 66 F.3d 1146, 1162-63 (11th Cir. 1995)). Instead the prosecutor simply responded to Eloi's role-playing theory of defense and urged the jury to consider the evidence that had been presented. Reasonable competent counsel could have concluded that objecting to the comments would have been futile, particularly in light of the discussion between the Court, the government, and Counsel prior to closing arguments. Ground One fails to satisfy *Strickland's* performance prong, and the claim is denied.

## B. Ground Two and Ground Four

Eloi asserts that appellate counsel was ineffective for failing to urge that the Court applied the wrong United States Sentencing Guidelines enhancements when calculating his sentence (Doc. 1 at 5). Eloi does not explain how the applied enhancements were incorrect. However, he also argues in Ground Two (again, without explanation) that Counsel was ineffective for failing to object to the use of a sealed prior state-court conviction to enhance his sentence (*Id.*). This latter assertion appears to be the same argument as that raised in Ground Four (*Id.* at 8). Accordingly, Grounds Two and Four are construed together as an argument that Counsel was ineffective for failing to object to the use of a sealed record in Eloi's sentencing calculations and that appellate counsel should have raised this issue on direct appeal. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (A document filed *pro se* is "to be liberally construed.").

On February 23, 2015, the government moved to compel the production of Eloi's sealed state-court conviction for battery of a child (Cr. Doc. 56). At the Court's direction (Cr. Doc. 57), Counsel responded to the motion, noting that "Counsel for Mr. Eloi believes that taking no position in this matter is the only legal position that she can take on behalf of Mr. Eloi." (Cr. Doc. 60 at ¶ 5). The Court granted the motion to compel, and directed Florida authorities to release the record of Eloi's prior conviction to the United States Probation Office for the Middle District of Florida (Cr. Doc. 62). The conviction was based on Eloi's sexual activity with a thirteen-year-old child (Cr. Doc. 87 at 1-2), and was a factor in considering his sentence (Cr. Doc. 106 at 21-22).

To the extent Eloi argues that Counsel should have objected to the government's motion for release of the prior conviction, she had no grounds on which to do so. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *accord* U.S.S.G. § 1B1.4 (In determining the sentence to impose, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law"); *see also United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (recognizing that a district court is free to consider any information relevant to defendant's background, character, and conduct when sentencing him); *United States v. Foster*, No. 18-10257, 2018 WL 4520085, at *2 (11th Cir. Sep. 20, 2018) (same).

Eloi cites no authority for his proposition that Counsel could have successfully objected to the government's motion to compel. Rather, he urges that he "specifically asked his counsel to file an objection," and that her failure to do so denied him effective assistance under *United States v. Cronic*, 466 U.S. 648 (1984) (holding that "a trial is unfair if the accused is denied counsel at a critical stage of his trial") (Doc. 11 at 18-19). However, defense counsel is not required to adhere to every meritless request from a defendant, and it is axiomatic that a defendant is not prejudiced from counsel's failure to do so. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit). Ground Two fails to satisfy *Strickland*'s prejudice prong and is denied.

For the same reasons that Counsel had no grounds to object to Eloi's prior conviction being considered at sentencing, appellate counsel had no grounds on which to raise this claim on direct appeal. Ground Four is also denied.

### C. Ground Three

Eloi asserts that Counsel was ineffective for failing to object to the swearing of the jury (Doc. 1 at 7). He urges that, although the transcript confirms that the jury was sworn, because the oath was not transcribed, he does not know that it was proper (*Id.*).

This claim is meritless. After the jurors were chosen, the Court asked the Clerk to swear the jury (Cr. Doc. 100 at 111). The transcript indicates that "[w]hereupon the jury was sworn" (*Id.*). Moreover, immediately prior to the Court's preliminary instructions, the Court noted again that the jury had been sworn (*Id.* at 114). Eloi, who was present when the jury was sworn, does not suggest that the oath was improper in any manner. Rather, he now argues that, because the oath was not transcribed, he cannot definitely discern whether the oath was proper (Doc. 1 at 7).

A petitioner must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. Eloi only speculates that there was an impropriety in the oath. He cannot satisfy *Strickland's* second prong with mere speculation and conjecture, which is precisely what he attempts to do here. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992); *see also Bruno v. State*, 807 So. 2d 55, 67 (Fla. 2001) ("Mere speculation regarding possible error is not enough to satisfy *Strickland*."). Because Eloi cannot demonstrate *Strickland* prejudice, Ground Three is denied.

####  D.     Ground Six

Eloi asserts that Counsel was constitutionally ineffective for failing to provide the government with evidence that he (Eloi) was having an affair with the victim's mother, Nadirah Little (Doc. 1 at 9-10). He believes that this evidence would have led the police to discover additional evidence showing that Ms. Little was using the child's name in online chats with Eloi to hide the affair from her husband (*Id.*).

Eloi does not reveal the allegedly exculpatory evidence that Counsel failed to provide to the government, nor does he identify the additional evidence that could have been, but was not, offered at trial. "Speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation." *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985). Eloi only speculates that the government would have investigated and discovered exculpatory evidence had Counsel informed it of his affair with Ms. Little. Notably, Ms. Little admitted to having sexual conversations and an extra-marital relationship with Eloi (Cr. Doc. 100 at 172-75). She testified that she told the police and her husband about the conversations and her activity with Eloi (*Id.* at 177-78). Consequently, Eloi has not shown that, but for Counsel's alleged error, there was a reasonable probability of a different outcome, and Ground Six fails to satisfy *Strickland*'s prejudice prong.

####  E.     Ground Seven

Eloi asserts that Counsel was ineffective for failing to properly argue that he was entitled to an acquittal under Rule 29 of the Federal Rules of Criminal Procedure (Doc. 1 at 10). Eloi was convicted under 18 U.S.C. § 2422(b), which states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned[.]

18 U.S.C. § 2422(b). The attempted "criminal offense" for which Eloi could be charged was sexual battery upon a person less than twelve years of age under Florida Statute § 794.011(2)(a). Eloi now argues that there was insufficient evidence presented at trial to show that he intended to commit sexual battery upon a minor child (Doc. 1 at 10). Specifically, he urges that the government could not prove that Eloi intended to penetrate the child, orally, anally, or vaginally (*Id.*).[3]

Counsel made a Rule 29 motion at the end of the government's case,[4] and urged that "the government has not proved the elements that [it] is required to in the indictment." (Cr. Doc. 100 at 250). Counsel provided no argument to support the motion

---

[3] Under Florida law, the statutory definition of sexual battery includes the "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Fla. Stat. § 794.011(1)(h).

[4] Rule 29 of the Federal Rules of Criminal Procedure provides in part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Fed. R. Cr. P. 29(a).

13

and did not explain which elements were unproven (*Id.*). The Court denied the Rule 29 motion without asking for argument (*Id.*).

Reasonable competent counsel could have concluded that it was futile to present further argument to the Court on this element because sufficient evidence existed to show that Eloi intended to commit sexual battery when he met the child. Specifically, in the chat logs between Eloi and the police officer posing as an eleven-year-old girl, Eloi expressed his intent to perform oral sex on the child when they met (Cr. Doc. 52-1). *See Coleman v. State*, 484 So. 2d 624, 628 (Fla. 1st DCA 1986) (noting that the sexual battery statute "is not intended to be read from the perspective of either the accused or the victim, but is intended to be read from the standpoint of either one performing a sexual act upon the other"). Moreover, the Court did not ask Counsel to support the Rule 29 motion, suggesting that any argument by Counsel that the government had not demonstrated Eloi's intent to penetrate a child, would have been unsuccessful. Ground Seven fails to satisfy either *Strickland* prong, and it is denied.

### F. Ground Eight

Eloi's sole assertion in Ground Eight is that "Counsel's performance fell below an objective standard of reasonableness when Counsel failed to object to facts not in evidence" (Doc. 1 at 11). Eloi offers no support or explanation for this assertion and does not identify the facts to which Counsel should have objected. Nor does he make an argument as to why, or how, he suffered *Strickland* prejudice. The Court cannot grant relief on such conclusory allegations. Eloi must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. *See*

*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). He has not done so, and Ground Eight is denied.

Any of Eloi's allegations not specifically addressed herein have been found to be without merit. Because each ground raised in the petition is conclusory, meritless, or affirmatively contradicted in the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Eloi's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 6:14-cr-248-ORL-28GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 112) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) or, that "the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation and quotation omitted). Eloi has not made the requisite showing in these circumstances. Because Eloi is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Orlando, Florida on November 23, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
SA: OrlP-4